*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
August 15, 2024

*In re* MH and TH, Minors.

No. 368418
Grand Traverse Circuit Court
Family Division
LC No. 2021-004919-NA

Before: SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Respondent-mother appeals by right the trial court's order terminating her parental rights to the minor children, MH and TH.[1]  Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case began when petitioner Department of Health and Human Services received an allegation in 2020 that respondent's oldest son, MHJ, sexually assaulted TH.  After the court acquired jurisdiction over the children in 2021 and adjudicated respondent, she complied with her service plan and was dismissed from the case.  It was later discovered that TH had been repeatedly sexually abused by MHJ and that MHJ had attempted to assault MH on more than one occasion.

A safety plan was put into place giving respondent temporary custody of MH, TH, and MHJ until MHJ could be placed in a juvenile facility.  The safety plan stipulated that respondent was to never leave the children unsupervised.  In January 2022, however, respondent left the three children alone at a water park, where MHJ sexually assaulted TH.  Although respondent learned of the assault days later, she did not report it to the authorities.

---

[1] At the time of termination, respondent-father's parental rights had not been terminated, and he is not a party to this appeal.

-1-

Upon learning of the assault, petitioner sought termination of respondent's parental rights. Ultimately, the trial court terminated respondent's parental rights to MH and TH under MCL 712A.19b(3)(b)(*ii*) (child or sibling of child suffered sexual abuse and parent failed to prevent it), (c)(*i*) (conditions leading to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if child returned to parent), as a result of her failure to protect, her poor judgment, and the guarded prognosis given by psychologists regarding her capacity to be an effective parent. Because MHJ was located in a juvenile facility, was close to 18, and had no support system, the court concluded that it was not in MHJ's best interests to terminate respondent's parental rights as to him.

This appeal followed.

## II. STANDARDS OF REVIEW

To terminate a respondent's parental rights, the trial court must find by clear and convincing evidence that at least one statutory ground for termination has been established. *In re Pops*, 315 Mich App 590, 593; 890 NW2d 902 (2016). This Court reviews for clear error the trial court's factual findings and its ultimate determination that a statutory ground has been established. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). A finding is clearly erroneous if, even though some evidence supports it, the Court is nevertheless left with the firm and definite conviction that the lower court made a mistake. *Id*.

## III. ANALYSIS

Under MCL 712A.19b(3)(b)(*ii*), the trial court may terminate a parent's parental rights if there is clear and convincing evidence that the "parent who had the opportunity to prevent the physical injury or physical or sexual abuse failed to do so and the court finds that there is a reasonable likelihood that the child will suffer injury or abuse in the foreseeable future if placed in the parent's home." To terminate a parent's rights under MCL 712A.19b(3)(b)(*ii*), petitioner is not required to show that "the children were at risk of harm from the same abuser"; instead, the provision "addresses the harm occasioned by a parent who is unwilling or unable to protect his or her children from abuse." *In re Gonzalez/Martinez*, 310 Mich App 426, 432; 871 NW2d 868 (2015).

Similarly, under MCL 712A.19b(3)(j), termination is proper if "there is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent." The proper focus of this provision is not only the risk of physical harm to the children but also the risk of emotional harm as well. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

The trial court did not clearly err when it found that petitioner established statutory grounds for termination of her parental rights as to TH under MCL 712A.19b(3)(b)(*ii*) by clear and convincing evidence. The adjudication was based on respondent's failure to supervise and protect her children properly at the water park where TH was sexually assaulted by MHJ in MH's presence. This incident occurred despite respondent's agreement to adhere to a strict safety plan stating that MH and TH were not to be left alone with MHJ and despite respondent's knowledge of the danger posed to the children if left alone with MHJ.

The same is true for the trial court's determination under MCL 712.19b(3)(j) as to both children. Despite respondent's knowledge of the risk MHJ posed to the children if left alone with them, respondent chose to leave the three alone at the water park in order to be with her boyfriend. Respondent's demonstrated lack of judgment with regard to the safety of her children and her inability to make significant progress in recognizing her deficiencies entitled the trial court to find by clear and convincing evidence that there was a reasonable likelihood the children would face further physical and emotional harm if returned to respondent's care. See *In re Hudson*, 294 Mich App at 268.

On appeal, respondent contends that any danger posed by MHJ could have been eliminated if the court had simply terminated respondent's parental rights to MHJ. But this argument overlooks the purpose of MCL 712A.19b(3)(b)(*ii*), which is not to ensure that the children are protected from a particular abuser, but rather to protect the children from the parent who is unable or unwilling to protect her children from any abuser. See *In re Gonzalez/Martinez*, 310 Mich App at 432. In other words, the concern is respondent's general judgment and inability to protect her children.[2]

Respondent also contends that the trial court improperly focused on the water park incident and failed to acknowledge that respondent could have learned new parenting skills with additional services. But respondent already had engaged in many services by that time and continued to receive services throughout the proceedings. Megan Wuerfel, a caseworker, testified that despite the services, respondent was not doing enough to make TH feel safe and was not recognizing the severity of the impact of the sexual assault. Wuerfel stated that TH reverted to acting like a toddler during parenting time with respondent. She also stated that respondent was not in touch with the children's teachers about their educational needs and was not providing them with sufficient educational support. In addition, while these proceedings were ongoing, MH sexually assaulted TH. Respondent characterized the assault as "an experiment" based on "curiosity," and justified it because TH did not say "no." This incident demonstrates that respondent clearly had not progressed from her services to be able to understand her children's problems and needs.

Accordingly, the trial court did not clearly err by finding that statutory grounds for termination had been established under MCL 712A.19b(3)(b)(*ii*) and (j). And because petitioner was only required to establish at least one ground for termination under MCL 712A.19b(3), we need not address respondent's remaining challenges to the other grounds for termination. *In re Gonzalez/Martinez*, 310 Mich App at 431.[3]

---

[2] In addition to the sexual abuse committed by MHJ, respondent-father was also alleged to have been physically abusive towards respondent and the children, and obstructed the authorities who attempted to investigate MHJ's sexual assaults.

[3] Although respondent does not challenge on appeal the trial court's best-interests determination, we have little trouble concluding that the trial court did not clearly err when it determined that termination of respondent's parental rights was in the children's best interests. See MCL 712A.19b(5) ("If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young

---

parental rights and order that additional efforts for reunification of the child with the parent not be made."). "To determine whether termination of parental rights is in a child's best interests, the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014) (quotation marks and citation omitted). "The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *Id*. at 714. The trial court heard testimony that the children did not trust or feel safe with respondent, who had a poor prognosis for obtaining adequate parenting skills. Respondent was unable to comply with her service and safety plans, which facilitated the sexual assault of TH at the water park. Respondent was also unable to meet the children's emotional and intellectual needs, especially their need to feel protected and safe. In light of these circumstances, the trial court did not clearly err when it concluded termination was in the children's best interests. See *id*.